IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | )<br>)<br>) CIVIL ACTION NO.<br>) |
| Plaintiff, | )<br>) |
| v. | ) **C O M P L A I N T**<br>)<br>) |
| COVENANT TRANSPORT, INC. | ) JURY TRIAL DEMAND<br>) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to David Riccardi. As alleged with greater particularity below, the Commission alleges that Defendant Covenant Transportation refused to hire Mr. Riccardi because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Chattanooga Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Covenant Transport ("the Employer"), has continuously been doing business in the State of Tennessee and the City of Chattanooga, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Mr. Riccardi filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8. On November 14, 2013, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated

and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On June 26, 2014, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least August 2012, Defendant Employer has engaged in unlawful employment practice at its Chattanooga, Tennessee facility in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

14. David Riccardi is a qualified individual with a disability under Sections 2 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Mr. Riccardi has an impairment, bladder exstrophy, that substantially limits major life activities.

    a. Mr. Riccardi applied to work for Defendant Employer as a commercial driver in August 2012.

    b. At the time of Mr. Riccardi's employment application, he resided in Pennsylvania.

    c. On or about August 7, 2012, Mr. Riccardi received correspondence from

Defendant Employer's recruiter, Summer Morgan.

d. Ms. Morgan stated that Defendant Employer had conditionally approved Mr. Riccardi's employment application packet, and Defendant Employer wanted Mr. Riccardi to attend orientation in Chattanooga.

e. Ms. Morgan further explained that Defendant Employer approved Mr. Riccardi's application on a conditional basis, pending a background check, license check and drug screening.

f. Mr. Riccardi told Ms. Morgan he was unable to give a urine sample due to a medical condition.

g. Mr. Riccardi was born with bladder exstrophy, a rare condition which leads to a non-functioning bladder.

h. Mr. Riccardi is a qualified individual with a disability under the definition of the ADA.

i. Mr. Ricccardi informed Defendant Employer that he was willing to undergo drug screening, but that, due to his medical condition, he could not give a valid urine specimen.

j. Steve Frazier, Defendant's Head of Safety spoke with Mr. Riccardi by phone and agreed to allow Mr. Riccardi to give blood (instead of urine) at the drug screening.

k. About a week later, however, after Defendant Employer consulted with a lawyer, it decided not to hire Mr. Riccardi because of his medical condition and that the medical condition rendered him unable to provide a valid urine specimen for drug testing.

l. Mr. Frazier requested that Mr. Riccardi provide medical documentation. Mr. Riccardi sent Defendant Employer medical documentation from his health care providers that identified his medical condition, explained that Mr. Riccardi's urine would be tainted with fecal matter, and that alternative testing was therefore appropriate.

m. Defendant Employer rescinded Mr. Riccardi's conditional offer of employment.

n. Prior to August 2012, Mr. Riccardi worked as a CDL truck driver at other trucking companies.

o. Defendant Employer knew that Mr. Riccardi could not give a valid urine specimen due to his medical condition and refused to provide him with the opportunity to undergo drug screening.

p. Defendant Employer failed to hire Mr. Riccardi because of his disability.

15. The effect of the practices complained of in paragraphs 14 above, has been to deprive Mr. Riccardi of equal employment opportunities and otherwise adversely affect his status as an applicant because of his disability, bladder exstrophy.

16. The unlawful employment practices complained of in paragraph 14 above were and are intentional.

17. The unlawful employment practices complained of in paragraph 14 above were done with malice or with reckless indifference to the federally protected rights of Mr. Riccardi.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from failing or refusing to hire an employee because of a disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Mr. Riccardi, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices; reimbursing his out of pocket medical expenses; and supplementing his lost 401(k) contributions.

D. Order Defendant Employer to make whole Mr. Riccardi by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 through 14 above in amounts to be determined at trial.

E. Order Defendant Employer to make whole Mr. Riccardi by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 14 above, including emotional pain and suffering, humiliation, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant Employer to pay Mr. Riccardi punitive damages for its malicious and reckless conduct, as described in paragraph 14 above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**Respectfully Submitted,**

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

s/ Gerald L. Thornton
**GERALD L. THORNTON**
Supervisory Trial Attorney
Tennessee Bar No. 015898

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0075

s/ Mark Chen
MARK CHEN
Trial Attorney
Tennessee Bar No. 14268

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN  37228
(615) 736-5784

8

Case 1:16-cv-00142-TAV-CHS     Document 1     Filed 05/18/16     Page 8 of 8     PageID #: 8